PRESENT: Lemons, C.J., Goodwyn, Mims, McClanahan, Powell, and Kelsey, JJ., and Lacy, S.J.

IRVING THOMAS SMALL

                                            OPINION BY

v. Record No. 150965                       JUSTICE CLEO E. POWELL

                                             July 14, 2016

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Irving Thomas Small ("Small") was charged with possession of a firearm after conviction of a felony, in violation of Code § 18.2-308.2. He entered a guilty plea on November 10, 2010. Small thereafter moved to withdraw his guilty plea prior to sentencing. The trial court denied the motion and the Court of Appeals affirmed the judgment of the trial court. On appeal, Small argues that the trial court and Court of Appeals erred because he made a material mistake of fact in pleading guilty and should have asserted the defense of necessity.

## I. BACKGROUND

At Small's guilty plea hearing, the Commonwealth offered the following stipulated facts:

> On May 27, 2010 detectives went to 1746 Melon Street to execute a search warrant on [Small's] person for buccal swabs. Upon seeing the officers, Small ran. Detective Reyes from the Norfolk Police Department's homicide squad gave chase and was able to stay steps behind Small. As Small exited the back door Detective Reyes heard a loud noise. Reyes looked out of the kitchen window and saw a garbage container. Inside of that container was a Lorcin .380 caliber semi-automatic handgun. Small was immediately taken into custody while standing near the trash can.
>
> The weapon was taken to the bureau of forensic science laboratory for analysis. Small's DNA was present on the weapon.

Small was scheduled to be sentenced on nine separate occasions. Each of the nine sentencing hearings were continued on joint motion due to Small testifying in another trial. On June 18, 2013, almost 2 years and 8 months after entering his plea, Small filed a presentence motion to withdraw his guilty plea. His motion stated:

> After [Small] entered his guilty plea to possession of a gun he testified at the trial of a man that shot him four . . . days prior to the possession of a gun. [Small] insists he was in justifiable fear for his life due to the shooter having not been arrested yet. The shooter also shot and killed [his] friend at the time [Small] was shot and hospitalized. [Small's] possession of a gun at his sister's home was clearly necessary for his own self defense from the man who recently shot [Small] and killed [his] friend in [Small's] presence.

The hearing on the motion to withdraw his guilty plea was held on August 7, 2014, over a year after it was filed. The only explanation given by Small's counsel for the length of time prior to filing the motion to withdraw guilty plea was that he "made the decision that perhaps [he] would have been better off presenting" a defense of "fear of being shot" and possessed the gun out of necessity. Small's counsel stated he erroneously advised Small to enter the guilty plea. Small also argued that

> had the shooter not been convicted and had we come forward on this as a defense, as a necessity defense, if . . . in another case if a defendant had said, I was afraid of somebody coming and shooting me, then a court could not believe that and convict anyway. However, waiting for the conviction and his testimony to provide evidence that this man had shot him and killed the other man, that's proof that he had a reason to be afraid, and we haven't had that proof until very recently when that man was convicted.

The trial court denied Small's motion to withdraw his guilty plea. The trial court found that the Commonwealth would be unduly prejudiced in trying Small due to the length of time, four and a half years, since the incident. The trial court found that the passage of time, standing alone, prejudiced the Commonwealth. Further, in contemplating whether the nature of the

defense could potentially obviate the prejudice to the Commonwealth, and whether a stipulation

to the evidence would be practical, the trial court noted that it could not

> rule out that the circumstances and something that happened
> during the offense might actually relate to the Court determining
> whether to believe the defendant's affirmative defense or not.
> There might be some details of how it happened, how the
> defendant acted at the time, what the defendant said, something of
> that nature that would now become very material and important at
> the trial.
>
> So I simply believe that the delay in bringing this motion is
> such that the Court should not grant it, especially when throughout
> the two-year-[and]-eight-month delay – well, even on the date the
> defendant pled guilty and throughout the two years [and] eight
> months between the guilty plea and the motion being file[d], the
> defendant was always aware that this was his explanation, that this
> would have been his available defense.

On October 3, 2014, the trial court sentenced Small to the mandatory sentence of five

years' incarceration. Small appealed to the Court of Appeals which denied his petition for

appeal by per curiam order. See Small v. Commonwealth, Record No. 2030-14-1

(June 15, 2015) (unpublished). This appeal followed.

## II. ANALYSIS

Small argues that the trial court erred in denying his motion to withdraw his guilty plea

because he made an honest mistake of fact in that he had a reasonable basis for arguing he

possessed the firearm out of necessity. He further argues that the trial court erred in determining

that allowing him to withdraw his guilty plea would prejudice the Commonwealth. Finally,

Small asserts that the Court of Appeals erred in affirming the trial court's judgment. We

disagree.

Code § 19.2-296 provides,

> A motion to withdraw a plea of guilty or nolo contendere may be
> made only before sentence is imposed or imposition of a sentence
> is suspended; but to correct manifest injustice, the court within

3

twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

This Court previously addressed the applicable standard for reviewing a motion to withdraw a guilty plea in Parris v. Commonwealth, 189 Va. 321, 52 S.E.2d 872 (1949).

> [W]hether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case. No fixed or definite rule applicable to and determinative of all cases can be laid down. However, the motion should not be denied, if timely made, and if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made.

Id. at 324, 52 S.E.2d at 873.

> [T]he statute does not expressly provide the standard by which a trial court is to determine whether to grant a motion to withdraw a guilty plea when, as in this case, the motion is made before sentence has been imposed. However, logic dictates that the standard must be more liberal than the requirement of showing a manifest injustice. Cf. Lilly v. Commonwealth, 218 Va. 960, 965, 243 S.E.2d 208, 211 (1978) (quoting Paradiso v. United States, 482 F.2d 409, 416 (3d Cir. 1973)) (holding that where the defendant "waited until after sentence had been imposed to move to withdraw his guilty plea," it was appropriate to apply the "'more severe standard'" of requiring a finding of a manifest injustice).

Justus v. Commonwealth, 274 Va. 143, 153, 645 S.E.2d 284, 288 (2007).

## A. Prejudice

Small waited almost three years after his guilty plea to file a motion to withdraw his plea. During that three-year period, the person who shot him was found guilty of the offense and Small argued that he would not have had the necessity defense without evidence of his shooter's conviction. "The reasons given by the movant for 'delaying' assertion of his defenses by means

4

of an intervening guilty plea must be weighed according to the circumstances of his particular case." United States v. Barker, 514 F.2d 208, 221 (D.C. Cir. 1975).

While we have not specifically addressed the prejudice caused by a delayed motion, and whether prejudice is a relevant factor for courts to consider in this context, the Court of Appeals of Virginia and the Fourth Circuit have often considered the resulting prejudice to the prosecution as one of the factors in determining whether a defendant should be allowed to withdraw a guilty plea. In United States v. Moore, 931 F.2d 245 (4th Cir. 1991), a Fourth Circuit case still applied by that Court, the Fourth Circuit considered a motion to withdraw a guilty plea and noted as relevant factors, inter alia, "whether there has been a delay between entering of the plea and the filing of the motion" and "whether withdrawal will cause prejudice to the government." Id. at 248. See Howell v. Commonwealth, 60 Va. App. 737, 749, 732 S.E.2d 722, 728 (2012) ("Moreover, the Commonwealth would have been prejudiced if the trial court had permitted appellant to withdraw his guilty plea since the victim's elderly mother would likely have been unavailable to testify at a new trial."); Hubbard v. Commonwealth, 60 Va. App. 200, 211 n.4, 725 S.E.2d 163, 168 n.4 (2012) (noting that a pre-sentencing motion to withdraw a guilty plea "may be appropriately denied where the record indicates that there has been some form of significant prejudice to the Commonwealth").

Today we specifically recognize prejudice to the Commonwealth as a relevant factor that should be considered when reviewing a motion to withdraw a guilty plea. We cannot say that the trial court erred by weighing the equities and considering the resulting prejudice to the Commonwealth due to the lengthy delay between Small's entry of his guilty plea and his motion to withdraw that plea. Nor can we say that the trial court abused its discretion in finding that the prejudice to the Commonwealth outweighed any equities that favored granting the motion.

5

B. No Reasonable Defense

The Court of Appeals also found that Small did not have a reasonable defense to the charge against him. The Court of Appeals has held that in order to use the defense of duress or necessity, the offender must show

> "(1) a reasonable belief that the action was necessary to avoid an imminent threatened harm; (2) a lack of other adequate means to avoid the threatened harm; and (3) a direct causal relationship that may be reasonably anticipated between the action taken and the avoidance of the harm."

Humphrey v. Commonwealth, 37 Va. App. 36, 45, 553 S.E.2d 546, 550 (2001) (quoting Buckley v. City of Falls Church, 7 Va. App. 32, 33, 371 S.E.2d 827, 827-28 (1988)). See also McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978) ("The law of self-defense is the law of necessity, and the necessity relied upon must not arise out of defendant's own misconduct. Accordingly, a defendant must reasonably fear death or serious bodily harm to himself at the hands of his victim.") We agree with the articulation of the duress standard as announced by the Court of Appeals in Buckley and reiterated in Humphrey. Accordingly, we adopt the standard and apply it to the facts of this case and to the facts in Edmonds v. Commonwealth, 292 Va. __, ___ S.E.2d ___ (2016) (this day decided).

In order to show an imminent danger, a defendant must demonstrate "'an immediate, real threat to one's safety.'" Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001) (quoting Black's Law Dictionary 399 (7th ed. 1999)). See United States v. Crittendon, 883 F.2d 326, 330 (4th Cir. 1989) (finding no evidence to show present or imminent threat of death or injury despite a generalized fear of danger generated by a shooting that occurred eight months prior); Byrd v. Commonwealth, 89 Va. 536, 539, 16 S.E. 727, 729 (1893) (finding no error in the jury instructions concerning imminent danger where the threat had subsided and the aggressor had walked away and observing that: "There must be some act menacing present peril . . . [and]

6

the act . . . must be of such a character as to afford a reasonable ground for believing there is a design . . . to do some serious bodily harm, and imminent danger of carrying such design into immediate execution."); Byers v. Commonwealth, 37 Va. App. 174, 185, 554 S.E.2d 714, 719 (2001) (affirming denial of motion to withdraw guilty plea where defendant was shot three weeks prior and threats were made to "finish the job," but there was no evidence of imminent threat to defendant at time he possessed the firearm); Humphrey, 37 Va. App. 36, 553 S.E.2d 546 (allowing defense of necessity to charge of possession of a firearm by a convicted felon where the defendant was presently under direct attack by gunfire).

Here, Small has not shown that there was "imminent threatened harm" which led to him possessing a firearm. Id. at 45, 533 S.E.2d at 550 (citations omitted). Unlike the defendant in Humphrey, Small was not under a present threat of death or serious bodily injury. Nor was Small in a situation where he was forced to carry a firearm. The record shows that Small had been shot four days prior to being arrested for possessing the firearm and that his shooter was still at large. However, the record is devoid of any threats made by the shooter or any other imminent threat to Small's life. While we do not discount the sincerity of Small's fear, a generalized fear will not support the defense of justification. See Crittendon, 883 F.2d at 330. Accordingly, the Court of Appeals did not err in finding that Small did not have a reasonable defense to the charge of possession of a firearm after conviction of a felony.[*]

### III. CONCLUSION

For the foregoing reasons, we will affirm the judgment of the Court of Appeals, affirming the judgment of the trial court.

Affirmed.

---

[*] Small also argued at trial and on appeal that his plea was entered inadvisedly. Because we find that there was no reasonable defense, we need not address whether his plea was entered inadvisedly.

7