COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, O'Brien and Athey

UNPUBLISHED

ANTONIO MASON COYNE

                                    MEMORANDUM OPINION*

v.       Record No. 0628-22-4                      PER CURIAM
                                               MAY 9, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Tracy C. Hudson, Judge

(Taso R. Saunders, on brief), for appellant.

(Jason S. Miyares, Attorney General; Collin C. Crookenden,
Assistant Attorney General, on brief), for appellee.

Antonio Mason Coyne entered *Alford* pleas of guilty to possessing a controlled substance

with intent to distribute, simultaneously possessing a controlled substance and a firearm, and child

endangerment. *See North Carolina v. Alford*, 400 U.S. 25 (1970). On March 23, 2022, the trial

court entered a final order which sentenced Coyne to ten years of imprisonment with eight years

suspended. After examining the briefs and the record in this case, the panel unanimously holds that

oral argument is unnecessary because "the appeal is wholly without merit" given that Coyne has

failed to timely file the necessary transcripts required to adequately address his arguments. Code

§ 17.1-403(ii)(a); Rules 5A:8(a), 5A:27(a).

Coyne argues that the trial court erred by denying his motion to withdraw his *Alford*

guilty pleas. Before addressing Coyne's assignments of error, however, we must address the

state of the record on appeal. "The transcript of any proceeding is a part of the record when it is

filed in the office of the clerk of the trial court no later than 60 days after entry of the final

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

judgment." Rule 5A:8(a). Given that the final order was entered on March 23, 2022, a transcript must have been filed in the trial court clerk's office by May 23, 2022,[1] in order for the transcript to be part of the record in this appeal. *See* Code § 1-210(B).

The transcript of the hearing involving the plea colloquy and the transcript of the sentencing hearing were filed in the Office of the Clerk of the Circuit Court of Prince William County on May 25 and May 26, 2022, respectively.[2] Accordingly, those transcripts are untimely and cannot be included in the record before this Court in this appeal. Rule 5A:8(a). In addition, Coyne did not file a written statement of facts in lieu of a transcript to supplement the record. *See* Rule 5A:8(c)(2). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

"If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528-29. "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529.

---

[1] May 22, 2022, would have been sixty days from the March 23, 2022 final sentencing order, but May 22, 2022, was a Sunday, and so the transcripts would have needed to be filed by Monday, May 23, 2022.

[2] On January 12, 2023, the trial court entered an order resolving a conflict in the record regarding the date the transcripts were filed. The trial court's order confirmed that both of the transcripts were filed after the May 23, 2022 deadline.

We conclude that the missing transcripts are indispensable to resolving Coyne's assignments of error challenging the trial court's denial of his motion to withdraw his *Alford* guilty pleas. The sentencing order indicates that Coyne moved to withdraw his *Alford* guilty pleas at the sentencing hearing and that the trial court denied the motion "[a]fter hearing evidence and argument of counsel." The record does not contain a written motion to withdraw Coyne's *Alford* guilty pleas. Without the transcript of the sentencing hearing, the record before this Court does not contain any arguments made by Coyne in the trial court in support of his motion to withdraw his *Alford* guilty pleas, nor does the record contain any factual findings that the trial court made related to its ruling. Consequently, this Court cannot determine whether the trial court erred by denying Coyne's motion to withdraw his *Alford* guilty pleas.[3] Because we cannot reach Coyne's assignments of error, we, therefore, must affirm the trial court's judgment. *See* Rule 5A:8(a), (b)(4).

## CONCLUSION

For the foregoing reasons, we do not disturb the judgment of the trial court.

*Affirmed.*

---

[3] A defendant seeking to withdraw his guilty pleas before sentencing must show that the motion is made in good faith and that he has a reasonable basis for going to trial. *Brown v. Commonwealth*, 297 Va. 295, 299 (2019). The trial court also must consider whether granting the motion would prejudice the Commonwealth. *Small v. Commonwealth*, 292 Va. 292, 298 (2016).