# Wytheville.

## EARLY v. COMMONWEALTH.

### June 19th, 1890.

86  921
86  933
86  935
87  593
87  596

86  921
90  811
86  921
f98 820

1. CRIMINAL PROCEEDINGS—*Indictment—Rule.*—Where one offence only is charged, no matters, however multifarious, will make indictment double.
2. IDEM—*Conclusion.*—It is fatal to omit the conclusion, "against the peace and dignity of the commonwealth." *Thompson's Case,* 20 Gratt., 724.
3. IDEM—*Not guilty—Abatement.*—Pleading the general issue waives plea in abatement. But the court hath discretion to allow that plea to be withdrawn and another substituted; but will not do so in favor of a merely formal defence.
4. IDEM—*Continuance.*—Motion for continuance is to the court's discretion, and its action will not be reversed unless plainly erroneous; and when made for delay merely, it should be overruled.
5. IDEM—*Arraignment—Case at bar.*—Where prisoner on arraignment, informed of his right to trial in circuit court, pleads "not guilty" and elects to be tried in county court, and counsel appointed to defend were sufferers by the offence charged, but appear to have been faithful and obtained continuance to prepare for trial, and at next term prisoner moves that another plea be substituted and his election to be tried in county court be withdrawn, the motion is overruled. HELD: No error.
6. IDEM—*Confessions—Private detective.*—Where confession has not been forced from prisoner by "the flattery of hope or the torture of fear," or where made to one who is merely "a private detective," or even when made to "one in authority" and under influence of threats or promises, but after their influence has been totally done away with, *held,* evidence of such confession is admissible.

Error to judgment of circuit court of Franklin county refusing writ of error to judgment of county court of said county rendered December 14, 1889, whereby George Early was sen-

tenced to be hanged in accordance with the verdict of the jury at the trial of an indictment against him, jointly with Bird Woods, William Brown, Morgan Dickenson, and Nannie Woods, for arson. Opinion states the case.

*N. H. Hairston,* for the plaintiff in error.

*Attorney-General R. Taylor Scott* for the commonwealth.

Lewis, P., delivered the opinion of the court.

The indictment was drawn under section 3695 of the Code, which, so far as it is material to the present case, enacts as follows:

"If any person, in the night, maliciously burn the dwelling-house of another, or any boat or vessel or river craft, in which persons usually dwell or lodge, or any jail, or prison, or maliciously set fire to any thing, by the burning whereof such dwelling-house, boat, vessel, or river craft, jail, or prison, shall be burnt in the night, he shall be punished with death; but if the jury find that at the time of committing the offence there was no person in the dwelling-house, boat, vessel, or river craft, jail, or prison, the offender shall be confined in the penitentiary not less than five nor more than ten years."

The indictment contains two counts. The first charges that the defendants, " in the said county, on the — day of October, in the year one thousand eight hundred and eighty-nine, in the night time of said day, about the hour of one o'clock, a certain warehouse there situate, of the value of $500, the property of J. H. Binford and Giles W. B. Hale, known as Franklin warehouse, feloniously and maliciously did set fire to, and by the burning thereof the dwelling-house of J. N. Montgomery, there situate, of the value of $700, feloniously and maliciously did burn in the night time aforesaid; said J. N.

Montgomery, Susan Montgomery, and Mabel Montgomery being in the said dwelling-house at the time of the commission of said offence, in the night time aforesaid."

The second count is like the first, except that it concludes "against the peace and dignity of the commonwealth of Virginia," which the first does not.

The defendants at the same term demurred to the indictment and to each count thereof, but the demurrer was overruled, and upon being arraigned, they severally pleaded not guilty. The case was thereupon continued to the ensuing term, at which term they were tried separately, found guilty, and sentenced to be hanged. The verdict in the present case was as follows, to-wit: "We the jury find the prisoner, George Early, guilty as charged in the second count of the within indictment."

There was a motion for a new trial, which was overruled, and the prisoner having unsuccessfully applied to the judge of the circuit court of Franklin county for a writ of error and *supersedeas*, the case was brought to this court.

1. The first assignment of error is that the county court erred in overruling the demurrer. This contention is based upon three grounds, viz: (1) That the indictment is bad for duplicity; (2) that the first count does not contain the constitutional conclusion, "against the peace and dignity of the commonwealth"; and (3) because it is not charged that the burning of the dwelling-house of the said J. N. Montgomery was in the night.

The first of these grounds is clearly untenable. There is only one offence charged, the burning of the warehouse and dwelling-house constituting, under the statute, but one offence; and the rule is well-settled that no matters, however multifarious, will operate to make an indictment double, provided, that all taken together constitute but one connected charge, or one transaction. 1 Bish. Crim. Proc. (2d ed.), sec. 438.

As to the second point, there is no doubt that the first count

is defective, and ought to have been quashed, since each count of an indictment must be perfect in itself. Hence the omission of the conclusion "against the peace and dignity of the commonwealth" is fatal. *Carney's Case,* 4 Gratt., 546; *Thompson's Case,* 20 *Id.,* 724. The error of the court, however, in this particular has not operated to the prejudice of the prisoner, for the second count is clearly good, and as the verdict was rendered upon that count, that is sufficient to sustain the judgment. 1 Bish. Crim. Proc., sec. 1011. And as to the third objection, above mentioned, that has no foundation to rest upon, as the most casual reading of the indictment will show.

2. When the case was called for trial, the prisoner asked leave to withdraw his plea of not guilty entered upon his arraignment, at a former term, and to plead in abatement, on the ground, first, that the grand jury which found the indictment had not been summoned according to law, and, secondly, because Thomas F. Hollowell, one of the grand jurors, was not a qualified juror; but the court, after hearing argument, refused the request, and the prisoner excepted.

By pleading the general issue alone, a defendant has always been understood to waive the right to interpose afterwards a plea in abatement. The settled doctrine, however, is that the judge may permit a pleading to be withdrawn, and another one to be substituted, whenever by so doing he does not violate any positive rule of law or of established practice. But such a discretion will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defence. 1 Bish. Crim. Proc. (2d ed.), sec. 124.

In the present case we do not see from the record that this discretion has been improperly exercised, and hence the second assignment of error is not well taken.

3. The third assignment relates to the refusal of the court to continue the case, on the ground of the absence of certain witnesses. The bill of exceptions recites that the prisoner's

motion for a continuance was overruled, because the court was satisfied that the prisoner had not used due diligence in preparing for trial, and also because, in the opinion of the court, the motion was made for the purpose of mere delay.

It need hardly be remarked that a motion for a continuance is addressed to the sound discretion of the court, and that its action upon such a motion will not be reversed by an appellate court, unless *plainly* erroneous. In the federal courts, because it is a matter of discretion, it is not one with respect to which error can be imputed at all; and although the doctrine has never been carried so far in Virginia, yet this court has repeatedly decided that where the trial court is satisfied that the real purpose of the party in moving for a continuance is to delay or evade the trial, and not to prepare for it, the motion ought, of course, to be overruled. *Hewitt's Case*, 17 Gratt., 627; *Myers and Axtell, receivers*, v. *Trice, ante*, p. 835.

In the present case the circumstances under which the motion was made are not set out in the bill of exceptions with sufficient fullness as to enable us to do otherwise than to disregard the exception. Certainly the error, if any was committed, is not apparent, and nothing is better settled than that everything is to be presumed in favor of the correctness of the rulings of a court of competent jurisdiction, when brought under review in an appellate tribunal, until the contrary is shown. *Harman* v. *City of Lynchburg*, 33 Gratt., 37; *Coleman's Case*, 84 Va., 1.

4. The fourth assignment of error is founded upon the following bill of exceptions, to-wit:

"Be it remembered that when this cause was called for trial at the December term, 1889, the prisoner, by counsel, moved the court to set aside his arraignment made at a former term of the court, to-wit: the November term, 1889, because he had been represented at the last named term only by counsel who were requested by the court to appear for him, and who stated that they were so situated that they did not like to do

so, having lost some property in the fire, and for the further reason that the prisoner wished to file a plea in abatement and to make his election to be tried in the circuit court; but the court overruled the motion of the prisoner for the following reasons: that at the November term, when the case of the prisoner was called, the court had appointed two attorneys to represent him, who declined to do so at first, on account of losses sustained by them by the fire, but who consented finally to appear for the prisoner for the term, and did appear for him at the November term; that the court had advised the prisoner before his arraignment that upon said arraignment he had the right to be tried either in the county or circuit court; that the prisoner had then said that he wished to be tried in the county court; that he was then arraigned and pleaded not guilty; that he was then asked by the court if he wanted a trial at that time, to which he replied he did, but the prisoner, upon the advice of his counsel, took a continuance of his cause to the December term; that the prisoner was represented at the December term by experienced counsel, one of whom had represented the prisoner at the November term; that the other attorney assigned to prisoner at the November term, was employed and represented at the December term, Bird Woods, another prisoner jointly indicted with the prisoner, Geo. Early, for the same arson; and that the court was satisfied that no injustice had been done the prisoner. To which action of the court in overruling his motion to set aside his arraignment, the prisoner by counsel, excepted," etc.

We see nothing in this action of the court of which the prisoner can justly complain. When he was arraigned and pleaded not guilty, he was represented by counsel, who, although they were sufferers by the fire, do not appear to have been unfaithful to his interests. On the contrary, they obtained a continuance—presumably for the purpose of affording an opportunity to better prepare for trial—although he expressed a desire for an immediate trial. And, as we have already seen,

the court was not bound, at a subsequent term, to allow him to withdraw the plea of not guilty, and to substitute for it another defence which he had waived. Still less was it the duty of the court to allow him to withdraw his election to be tried in the county court.

5. The next objection is to the action of the court in admitting evidence to prove a confession by the prisoner. The evidence was objected to, on the ground that the confession was not voluntary. The confession was made to the witness, Hale, who testified that it was made, so far as he knew, without any inducement having been offered by any one. The witness also testified that he was informed by Wren, a detective who had been employed by the corporation of Rocky Mount to ferret out evidence of the burning, that the prisoner desired to make a confession to him (the witness); that accompanied by Wren he went to the prisoner, and had a conversation with him; that in the course of that conversation, Wren stated to the prisoner that if he made any statement at all, it must be with the understanding that it was freely and voluntarily made, without the influence of hope or fear, and that thereupon the confession was made.

The prisoner, however, upon this point testified that before the conversation just alluded to, Wren said to him that if he would " tell him all about it, he would make the commonwealth make it easier" on him, and that in consequence of this assurance, he made the confession in question. On the other hand, one Edwards, another detective, testified that before Wren spoke to Hale on the subject of the proposed confession, he heard a conversation between Wren and the prisoner, in which Wren remarked to the prisoner that if he wanted to make any statement to him he could not offer him anything, but that his statement must be voluntary. This, he says, he heard, although he did not hear all that passed between them. Wren, it appears, was discharged as a witness by the attorney for the commonwealth before the trial, and did not testify.

We are of opinion that under these circumstances the confession was admissible in evidence. There is no doubt that before a confession can be rightly admitted, the court must be satisfied that it was voluntary; that is, that it was made without the influence of hope or fear exerted by a person in authority, or with the apparent sanction of such person; and the burden of showing that it was voluntary is upon the commonwealth. But here, taking the prisoner's own statement as true, no inducement was offered by any one in authority. In *Thompson's Case*, 20 Gratt., 724, it was said, upon the authority of *Smith's Case*, 10 Gratt., 734, that persons in authority, within the meaning of the rule, are such as are engaged or concerned in the apprehension, prosecution, or examination of the accused. Therefore one who is merely a private detective, employed to "work up the case," as the phrase is, as Wren was, is not such a person. *United States* v. *Stone*, 8 Fed. Rep., 232; 3 Am. and Eng. Ency. of Law, 460–463, and cases cited. Besides, the evidence of Hale shows that the confession was not forced from the prisoner by "the flattery of hope or the torture of fear," and that it was admissible. The rule, universally recognized, is that even though promises or threats have been used by persons in authority, yet if it appears to the satisfaction of the judge that their influence was totally done away before the confession was made, the evidence will be received. 1 Greenl. Ev., sec. 221.

6. An exception was also taken to the action of the court in overruling the motion for a new trial; but as there is no certificate either of the facts or of the evidence, the exception, of course, is unavailing.

Our conclusion, therefore, is, upon the record before us, that the prisoner has been rightly convicted, and that he must suffer the penalty of his crime.

JUDGMENT AFFIRMED.