COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Kelsey and Alston
Argued by teleconference


NASIR GOODE

MEMORANDUM OPINION[*] BY
v.      Record No. 0244-11-2            JUDGE D. ARTHUR KELSEY
JANUARY 17, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
W. Allan Sharrett, Judge

    Brad B. Butterworth for appellant.

    Benjamin H. Katz, Assistant Attorney General (Kenneth T.
    Cuccinelli, II, Attorney General, on brief), for appellee.


    Nasir Goode appeals a trial judge's decision to revoke a previously suspended sentence,

claiming the prosecutor made an improper remark during the revocation hearing.  The remark,

Goode contends, required the trial judge to declare a mistrial and to disqualify himself from the

case.  We disagree and affirm.

    Immediately after the prosecutor's remark, the trial judge sustained Goode's objection

and later reaffirmed that he did not consider the remark "at all" in making his decision.  App. at

20, 39-40.  We take the trial judge at his word.  Unlike a lay juror, a judge "is uniquely suited by

training, experience and judicial discipline to disregard potentially prejudicial comments and to

separate, during the mental process of adjudication, the admissible from the inadmissible, even

though he has heard both."  Smith v. Commonwealth, 280 Va. 178, 184, 694 S.E.2d 578, 581

(2010) (quoting Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981)); see

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

also <u>Lebron v. Commonwealth</u>, 58 Va. App. 540, 552, 712 S.E.2d 15, 21 (2011).[1] That is particularly true where, as here, "the trial court's statements clearly establish its awareness of this responsibility." <u>Beck v. Commonwealth</u>, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997).

Because the trial judge did not err in denying Goode's motion for a mistrial and for recusal, we affirm.

<u>Affirmed.</u>

---

[1] This principle tracks the broader proposition that, "[t]oday, as a century ago, 'nothing is better settled than that everything is to be presumed in favor of the correctness of the rulings of a court of competent jurisdiction, when brought under review in an appellate tribunal, until the contrary is shown.'" <u>Caprino v. Commonwealth</u>, 53 Va. App. 181, 184-85, 670 S.E.2d 36, 38 (2008) (quoting <u>Early v. Commonwealth</u>, 86 Va. 921, 925, 11 S.E. 795, 797 (1890)).