PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Raphael, Lorish and Callins
Argued at Lexington, Virginia


TANYA RASHAE HOLLAND

                                                        OPINION BY
v.        Record No. 1088-22-3               JUDGE LISA M. LORISH
                                                       OCTOBER 24, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge Designate

Michelle C.F. Derrico, Senior Appellate Attorney (Virginia Indigent
Defense Commission, on briefs), for appellant.

Jason A. Faw, Senior Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Consistently maintaining that she gave her child the wrong medication by accident, Tanya

Holland entered a no contest plea to felony child neglect resulting in serious injury. After the

Virginia State Bar suspended the law license of Holland's attorney, the court appointed her new

counsel who, before sentencing, moved to withdraw Holland's plea based on the failure of

Holland's prior counsel to tell her that an element of felony child neglect was that the defendant's

actions must be willful. Under our settled law, a court must grant a motion to withdraw a guilty

plea filed before sentencing if a defendant makes a prima facie showing of a reasonable defense to

the charge, that the original plea was made in good faith, and that the motion to withdraw was not

made in bad faith—unless the equities favoring the motion are outweighed by undue prejudice to

the Commonwealth. We find that Holland met her burden here and that the Commonwealth failed

to offset that showing with any undue prejudice, relying only on the inherent inconvenience of trial

as compared to a plea. As such, we reverse and remand to the trial court.

# BACKGROUND[1]

## *The Incident*

Holland entered a plea of no contest to one count of felony child neglect resulting in serious injury, a violation of Code § 18.2-371.1(A). At the plea hearing, the Commonwealth provided to the court—but did not read into the record—a written case summary recounting the facts below.

On January 11, 2020, Holland's three-year-old son, B.M., was transported by ambulance to the hospital after he lost consciousness and stopped "breathing normally." A blood test revealed that B.M. had methadone in his system. The hospital notified the Henry County Sheriff's Office and Department of Social Services ("DSS").

Investigator Misty Pace questioned both Holland and B.M.'s father at the hospital, and each provided a written statement. Holland stated that she had come home from work that night and realized B.M. "had a running nose and was stuffy." She gave B.M. one milliliter of "medicine out of a prescription bottle." She said that bottle's label had been "partly removed," but the visible portion of the label included the word "congestion." B.M. "played a little while and then complained of itching," so his grandfather "wiped him off." B.M. soon fell asleep. B.M.'s grandmother asked Holland what she gave B.M. because he "went to sleep fast." Holland responded that "it should not have made" B.M. sleepy "because it was Zyrtec." Holland also told Investigator Pace that she had been prescribed liquid methadone to treat back pain, which she kept in a lockbox beside her bed.

---

[1] This Court reviews the evidence in the light most favorable to the Commonwealth, as the prevailing party below. *Blankenship v. Commonwealth*, 71 Va. App. 608, 615 (2020). That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn" from that evidence. *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

B.M.'s father told Investigator Pace that he had been at work when Holland called him to tell him B.M. had gone to the hospital. B.M.'s father said he had not given B.M. medicine that day. He confirmed that Holland was prescribed liquid methadone for back pain and kept it in a lockbox.

A DSS caseworker also questioned Holland at the hospital. She told the caseworker that she had mistakenly given B.M. methadone, thinking it was Zyrtec, and that the bottle had been near the Zyrtec under the sink.

Investigator Pace obtained a warrant to search Holland's home. She collected a prescription bottle with the label partially torn off. Subsequent testing on the liquid in the bottle determined that it "did not contain any controlled substances." Investigator Pace did not recover a bottle of methadone.

While at the home, Investigator Pace spoke with B.M.'s grandfather and grandmother. They confirmed that Holland had given B.M. medicine and that B.M. had then complained of itching before falling asleep within 15 minutes of receiving the medicine. They said B.M. was sleeping with them in their bed, but breathing irregularly, so the grandmother called in Holland and Holland took B.M. to her room. A few minutes later, Holland came out screaming that B.M. was not breathing. The grandmother called 911 and performed CPR on B.M. before the ambulance arrived.

After first learning from Investigator Pace that B.M. had ingested methadone, the grandfather said he "would not be surprised if [Holland] gave [methadone] to [B.M.] so he would sleep since he was a wide-open child running around." He also said that when the ambulance and police had arrived at the house, he "kept asking [Holland] to get the bottle of medicine so the people would know what she gave [B.M.]."

B.M. survived after being treated with Narcan at the hospital.

- 3 -

*Procedural History*

Holland was indicted on a single count of felony child neglect in July 2020. Despite having no plea agreement with the Commonwealth, she entered a plea of no contest on June 24, 2021. At the time, she was represented by Darren S. Haley, whom she had retained as counsel.

During the plea colloquy, Holland said that she fully understood the charge against her and had enough time to discuss possible defenses with her attorney. Holland confirmed that her plea was her own decision. She said she understood that the effect of her no contest plea was "the same as a plea of guilty" and that she was giving up her rights to a jury trial, to remain silent, and to confront and cross-examine witnesses against her. She said nobody had threatened her or forced her to plead no contest, or "promised [her] anything" for pleading no contest. She acknowledged that the statutory maximum sentence was ten years of incarceration and that the trial court was not required to follow the discretionary sentencing guidelines. She said she was "entirely satisfied with the services of [her] attorney." And she declined the opportunity to ask the court questions.

Holland's counsel then agreed to the written statement of facts the Commonwealth handed to the court. He said he and Holland had "gone through discovery" and that he thought the Commonwealth's summary was "fairly identical to the police report."

The court accepted Holland's no contest plea and set a sentencing hearing for December 2021. Less than a week before the scheduled sentencing, Haley mailed Holland a letter notifying her that his license to practice law had been suspended for 18 months effective November 19, 2021. Holland had not received the letter as of the sentencing date. At the start of the hearing, the court appointed new counsel for Holland and continued the sentencing hearing. Holland's new counsel was provided discovery at the end of December 2021. The sentencing hearing was continued twice more to April 2022.

Holland moved to withdraw her no contest plea the day before the April hearing. The court, on its own motion, continued the sentencing hearing to June 14, 2022. The parties then filed written memoranda about their positions on the motion.

Holland proffered that she had pleaded no contest based on a misrepresentation from Haley that she had a plea agreement with the Commonwealth where she would not receive any sentence of incarceration and that Haley had not reviewed the elements of the offense or the evidence in discovery with her before she entered the plea. She also proffered that, now that her newly appointed counsel had reviewed the elements of the offense and discovery evidence with her, she thought she had a defense to the felony child neglect charge—specifically that she lacked the requisite intent. For all those reasons, she argued her plea had been "improvident and not intelligently made."

The Commonwealth filed a written objection to Holland's motion, proffering that had the case gone to trial when originally scheduled, the Commonwealth had "17 witnesses ready and able to testify against [Holland]," but now 3 had changed jobs or moved: the "lead investigating officer" was "no longer employed in law enforcement and works out of town," the forensic scientist who analyzed the prescription bottle was "no longer employed" by the state, and a DSS witness had "moved out of the area." The Commonwealth also argued that the timing of Holland's motion suggested that she sought only to delay proceedings.

At the June 14 hearing, the parties reiterated their written proffers. In response to the Commonwealth's argument that it would have difficulty calling witnesses at a trial, Holland offered to "come up with some sort of stipulation" about the facts.

The trial court, "[a]fter giving the matter due consideration," denied Holland's motion to withdraw her plea, without making factual findings or explaining its rationale. The court

- 5 -

sentenced her to five years of incarceration, all suspended, on the condition that Holland complete two years of supervised probation and be on good behavior for five years.

Holland now appeals, arguing that the trial court abused its discretion by denying her motion to withdraw her plea.

ANALYSIS

Because the decision whether to grant a defendant's motion to withdraw a plea before sentencing is within the trial court's discretion, we review on appeal for abuse of discretion. *Smith v. Commonwealth*, 65 Va. App. 288, 299-300 (2015).  Reversal for abuse of discretion "is appropriate only upon 'clear evidence that [the decision] was not judicially sound.'"  *Id.* at 300 (alteration in original) (quoting *Coleman v. Commonwealth*, 51 Va. App. 284, 289 (2008)).  "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred."  *Hernandez v. Commonwealth*, 67 Va. App. 67, 76 (2016) (quoting *Williams v. Commonwealth*, 59 Va. App. 238, 246-47 (2011)).

Virginia has always employed a liberal standard for allowing the withdrawal of a plea before sentencing.  In *Parris v. Commonwealth*, 189 Va. 321, 324 (1949), the Supreme Court explained that "[i]n the absence of statutory regulation or established practice," determining whether the "accused should be allowed to withdraw a plea of guilty" is a "matter that rests within the sound discretion of the trial court."  While "[n]o fixed or definite rule" could apply to all cases,

> the motion should not be denied, if timely made, and if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made.

*Id.* The Supreme Court added that a court's discretion to allow a plea to be withdrawn "will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense." *Id.* at 324-25 (quoting *Early v. Commonwealth*, 86 Va. 921, 924 (1890)).

Since *Parris*, the General Assembly has codified a defendant's right to move to withdraw a guilty plea before sentencing, but without providing any standard or criteria for courts to consider. *See* Code § 19.2-296 (defendant who has made a guilty or no contest plea may move to withdraw that plea before the court imposes a sentence, but a defendant moving after sentencing must show "manifest injustice"). Thus *Parris*, and its progeny, continue to define the standard a court must employ. "The proper emphasis, in accord with *Parris*, is upon whether it is *in the least evident* that the ends of justice will be served by permitting [the defendant] to withdraw her pleas of guilty [or no contest] and plead not guilty in their place." *Justus v. Commonwealth*, 274 Va. 143, 155 (2007) (emphasis added). "The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty." *Parris*, 189 Va. at 325.

In accord with *Parris,* we have broken out these general considerations into three factors that a defendant bears the burden to demonstrate: (1) that the defendant can present a "reasonable defense" to the charge, *DeLuca v. Commonwealth*, 73 Va. App. 567, 579 (2021) (quoting *Justus*, 274 Va. at 154), *aff'd* ___ Va. ___ (Apr. 13, 2023) (per curiam), (2) that the plea was entered "in good faith," *id.* (quoting *Parris*, 189 Va. at 324), and (3) that the motion to withdraw the plea was not filed "merely to cause undue delay in the administration of justice or [otherwise represents] bad faith or misconduct by or on behalf of the defendant," *id.* (alteration in original) (quoting *Hubbard v. Commonwealth*, 60 Va. App. 200, 211 n.4 (2012)). "It is not enough for a defendant to merely assert" that he or she has satisfied the three-part standard; "rather, the

- 7 -

assertions must be 'sustained by proofs.'" *Id.* (quoting *Justus*, 274 Va. at 153). A trial court may find such proof in the record or through newly offered evidence.

The reasonable defense "requirement defeats motions to withdraw which would result in an essentially futile trial." *Cobbins v. Commonwealth*, 53 Va. App. 28, 34 (2008). The other two prongs "protect[] the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court," *id.*, and ensure that the defendant is not acting based on "gamesmanship or mere regret," *Pritchett v. Commonwealth*, 61 Va. App. 777, 788 (2013). While the three factors are distinct, they necessarily overlap in many cases. For example, when defendants have a reasonable defense to a charge, it is more likely that they entered a plea in good faith reliance on a mistake about the availability of that defense. It is also less likely that they would be withdrawing the plea in bad faith merely for the purpose of delay.

Even if the defendant makes the requisite showing, the trial court must consider whether granting the motion would "unduly prejudice the Commonwealth," *DeLuca*, 73 Va. App. at 579, and if so, weigh that prejudice against those "equities that favored granting the motion," *Small v. Commonwealth*, 292 Va. 292, 299 (2016) (trial court did not abuse its discretion in finding that "prejudice to the Commonwealth outweighed any equities that favored granting the motion"); *Hernandez*, 67 Va. App. at 82 (finding prejudice could not "outweigh the benefit to appellant of allowing him to withdraw his pleas," so trial court abused its discretion). The Commonwealth bears the responsibility of raising the issue of prejudice with enough specificity to enable the defendant to respond and the trial court to consider the same. *See Pritchett*, 61 Va. App. at 787 n.4 (declining to address prejudice factor because "*[t]he Commonwealth* does not make any claim of prejudice" (emphasis added)); *Booker v. Commonwealth*, 61 Va. App. 323, 333 n.3 (2012) ("No claim of prejudice is made here. Accordingly, we do not address this criterion."); *Branch v. Commonwealth*, 60 Va. App. 540, 547 n.5 (2012) (not addressing prejudice factor

when "*[t]he Commonwealth* has not argued any prejudice in this case" (emphasis added));

*Hubbard*, 60 Va. App. at 211 n.4 (noting that "in this case *the Commonwealth* did not assert that

it would be prejudiced in any manner if the circuit court were to have granted Hubbard's motion"

(emphasis added)); *Hernandez*, 67 Va. App. at 81 ("[T]he record . . . does not contain any factual

findings to suggest any prejudice to the Commonwealth.").

Despite the weight of prior authority placing responsibility on the *Commonwealth* to

establish prejudice, in *DeLuca*, we recited the factors a defendant must show to withdraw a

guilty plea in a way that could have suggested the *defendant* bore the burden to affirmatively

establish a lack of prejudice to the Commonwealth. 73 Va. App. at 579 ("A motion to withdraw

should be granted if the movant can establish the following: . . . granting the motion will not

unduly prejudice the Commonwealth . . . ."). As the Commonwealth conceded at oral argument,

any suggestion that the defendant bears this burden makes little practical sense—as the defendant

will often lack knowledge or evidence of how withdrawing a plea might prejudice the

Commonwealth. We read *DeLuca*, consistent with our prior caselaw, to affirm that the

defendant bears the overall burden to establish that the equities that favored granting the motion

outweigh any prejudice to the Commonwealth, but not as requiring the defendant to affirmatively

prove a negative.[2] Ultimately, the trial court must weigh the equities in favor of the motion

---

[2] To the extent *DeLuca* could be read otherwise, we find any discussion of the burden of proof with respect to the prejudice inquiry to be non-binding dicta. Dicta is a "portion of the opinion 'not essential' to the disposition in the case." *Newman v. Newman*, 42 Va. App. 557, 565 (2004); *Harmon v. Peery*, 145 Va. 578, 582 (1926) ("an expression of opinion not necessary to the decision of the question at issue" is dictum and "not the law of this case"). *DeLuca* explained that it was not considering "potential prejudice to the Commonwealth" as part of its reasoning to affirm the trial court; instead, *DeLuca* expressly confined its analysis to only whether the plea was made in good faith "because addressing [alternative reasons for the trial court's decision] is unnecessary to resolve DeLuca's appeal and we strive to resolve cases on the 'best and narrowest grounds available.'" 73 Va. App. at 580 n.4 (quoting *Delp v. Commonwealth*, 72 Va. App. 227, 235 n.4 (2020)). As *DeLuca* itself makes plain, any discussion of prejudice is not essential to the disposition in the case. For "stare decisis to apply,

against any undue prejudice to the Commonwealth and make a determination "based on the facts and circumstances of the particular case." *Justus*, 274 Va. at 154.

Stepping through each of the three factors, we first find that Holland has met her burden to show that her motion to withdraw should be granted. We then find that a reasonable jurist could not conclude that the Commonwealth combatted Holland's showing with any evidence of undue prejudice that would outweigh the equities that favor granting Holland's motion.

> I. Holland met her burden to show that she had a reasonable defense, entered her plea in good faith, and did not withdraw her plea in bad faith.

### A. Reasonable Defense

First, Holland had to make a "*prima facie* showing" that she had a reasonable defense to the charged offense. *Hernandez*, 67 Va. App. at 79. So long as the prima facie showing is made, "it is not the trial court's role to evaluate credibility of witnesses, nor to determine whether the proffered defense will be successful." *Id.* The relevant question is "whether the proffered defense is one that the law would recognize as such *if* the factfinder found credible the facts supporting it." *Hubbard*, 60 Va. App. at 210.

Holland was charged with felony child neglect resulting in serious injury under Code § 18.2-371.1(A):

> Any parent . . . responsible for the care of a child under the age of
> 18 who by willful act or willful omission or refusal to provide any
> necessary care for the child's health causes or permits serious
> injury to the life or health of such child is guilty of a Class 4

---

'the court must have decided the issue for which the precedent is claimed; it cannot merely have discussed it in dictum, ignored it, or assumed the point without ruling on it.'" *Jones v. Commonwealth*, 293 Va. 29, 50 (2017) (quoting Bryan A. Garner et al., *The Law of Judicial Precedent* 6 (2016)). The "duty to follow binding precedent is fixed upon case-specific holdings, not general expressions in an opinion that exceed the scope of a specific holding." *Id.* at 56 (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 242 (2016)). Because *DeLuca*'s inclusion of the lack of prejudice as a factor the defendant must establish was not a holding in the case, or in any way essential to its reasoning or disposition, the fact the Supreme Court affirmed, per curiam, "the judgment of the Court of Appeals for the reasons stated" in that opinion does not change the analysis. *DeLuca*, ___ Va. at ___.

felony. For purposes of this subsection, "serious injury" includes . . . (vi) forced ingestion of dangerous substances, and (vii) life-threatening internal injuries.

Holland asserts an absolute defense to her conviction under Code § 18.2-371.1(A)—that her actions were not "willful." The Commonwealth concedes that the record shows Holland's asserted defense is reasonable. While we are not bound by that legal concession, *see Lopez v. Commonwealth*, 73 Va. App. 70, 79 n.3 (2021), we agree with the Commonwealth. "The term 'willful act' imports knowledge and consciousness that injury will result from the act done. The act done must be intended or it must involve a reckless disregard for the rights of another and will probably result in an injury." *White v. Commonwealth*, 68 Va. App. 111, 119 (2017) (quoting *Barrett v. Commonwealth*, 268 Va. 170, 183 (2004)) (interpreting Code § 18.2-371.1(A)). The Commonwealth's statement of facts shows that since her first interview with Investigator Pace, Holland has maintained that she accidentally gave her son methadone, thinking it was Zyrtec. Whether she has presented a winning defense is a question for a future factfinder. At this stage, Holland made a prima facie showing of a reasonable defense to the charge and that is all that was required to meet this prong. *See Hernandez*, 67 Va. App. at 79.

### B. Good Faith in Entering Plea

Next, Holland had to show that she made her plea in good faith. "A trial court's finding on the issue of 'good faith' is a finding of fact" to which this Court defers. *Branch*, 60 Va. App. at 547-48. Where, as here, the trial court made no findings, "we cannot defer to the factual findings of the trial court." *Royal v. Commonwealth*, 37 Va. App. 360, 366 (2002). Instead, we can only "examine the evidence in the light most favorable to the Commonwealth," *id.*, and "presume — even in the absence of specific factual findings — that the trial court resolved all factual ambiguities or inconsistencies in the evidence in favor of the prevailing party and give

that party the benefit of all reasonably debatable inferences from the evidence." *Mitchell v. Commonwealth*, 73 Va. App. 234, 239 (2021).

A plea is made in "good faith" if entered under "an honest mistake of material fact" or "induced by fraud, coercion or undue influence," such that the plea "would not otherwise have been made[.]" *DeLuca*, 73 Va. App. at 579 (quoting *Parris*, 189 Va. at 324). Virginia courts have often found a plea was made in good faith when it was entered because of "poor or erroneous [legal] advice from counsel." *Pritchett*, 61 Va. App. at 788. "Any number of circumstances might render a plea inadvised, including the fact that an attorney overlooked a viable defense or the defendant did not understand the nature of the charges." *Id.* at 790; *see Bottoms v. Commonwealth*, 281 Va. 23, 34 (2011) (holding plea was entered inadvisedly because prior counsel overlooked a defense to an element of the offense); *Justus*, 274 Va. at 155 (same); *Hernandez*, 67 Va. App. at 78 (concluding the defendant's decision to enter a guilty plea was "based solely on his counsel's faulty legal analysis of the efficacy of an insanity defense," so the defendant was "misadvised"); *Smith*, 65 Va. App. at 301-02 (finding plea inadvisedly made when defendant entered it without being informed of possible alibi defense).[3] A

---

[3] The Commonwealth suggests in the alternative that Holland's appeal is actually an ineffective assistance of counsel claim, which cannot be raised on direct appeal in Virginia. *See Lenz v. Commonwealth*, 261 Va. 451, 460 (2001). Ineffective assistance of counsel claims argue that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). But Holland has not raised a Sixth Amendment challenge here. To the contrary, "the proper granting of a motion to withdraw a guilty [or no contest] plea under [Code § 19.2-296] is not dependent upon a determination that the defendant failed to receive adequate legal representation from counsel" under the high bar for ineffective assistance of counsel claims in habeas proceedings. *Justus*, 274 Va. at 154. Instead, the defendant merely needs to show a good faith basis for entering the plea, and incomplete or incorrect advice from counsel—even if not constitutionally deficient—is relevant to that inquiry. *See id.* at 154-56. Accordingly—as the string cite preceding this footnote shows—a direct appeal may lie from the denial of a pre-sentencing motion to withdraw a plea under Code § 19.2-296 based on the argument that the plea was originally entered based on poor or erroneous legal advice from counsel.

"misunderstanding as to the effect of a plea" can also "render the plea inadvised and can constitute a basis for withdrawing a plea." *Pritchett*, 61 Va. App. at 790.

Here, Holland proffered that her prior counsel (whose license was since suspended) failed to inform her that willfulness was an element of the crime for which she was convicted, failed to review discovery with her, and misrepresented to her that she had "enter[ed] into a plea agreement with the Commonwealth that would not subject her to any incarceration time." Focusing only on Holland's first argument—that her prior counsel had not reviewed the elements of the offense with her and that she was unaware she had a defense—we find corroborating evidence in the record. The court did not review the elements of the offense with Holland during the plea colloquy.[4]

Also, Holland's reasonable defense—while a separate prong of the analysis—supports her argument that she entered her plea in good faith. The record shows that Holland continuously contended that she accidentally gave her son methadone. A defendant is more likely to have entered a plea based on poor advice from counsel if she has a potentially strong defense yet pleads guilty or no contest anyway—particularly when, as here, she lacks a plea agreement and thus gains little benefit from pleading no contest.

---

[4] In considering what was *never* discussed during Holland's plea colloquy, we do not run afoul of the Supreme Court's recognition that "by its very nature," a motion to withdraw a plea "requires the defendant to repudiate" any admissions made during a plea colloquy. *Bottoms*, 281 Va. at 33; *see Justus*, 274 Va. at 154 ("[W]hen a defendant files a motion under Code § 19.2-296, he is necessarily seeking to repudiate the admission of guilt and some, if not all, of the admissions made in the guilty plea colloquy."). Instead, as the Commonwealth admits is an "obvious point" on brief, if "after a defendant enters his guilty plea, it comes to light that he was unaware of a reasonable defense to the charges, it is unfair to bind him to 'admissions' during the colloquy that he discussed 'defenses' with his counsel or that he was entering a guilty plea because he was guilty." *See Pritchett*, 61 Va. App. at 792 (explaining that the plea colloquy cannot be considered for any "admission about external facts such as guilt or available defenses"). So neither we nor the trial court could look to the plea colloquy for evidence rebutting Holland's argument that she was unaware of an available defense, though the colloquy is still relevant to show what the trial court did *not* review with Holland.

Instead of presenting any countervailing evidence on this point,[5] the Commonwealth argues that Holland failed to "sustain[] by proofs" her assertions because she proceeded by proffer. *See Justus*, 274 Va. at 153. The Commonwealth posits that because Holland could have done more—"taken the stand, called other witnesses, produced documents, or introduced sworn affidavits"—at the oral hearing on her motion, but proceeded only by proffer, Holland produced no evidence to prove her claim.

The requirement that a defendant "sustain by proofs" each of the three factors guards against enabling defendants to withdraw pleas based on "gamesmanship or mere regret." *See Pritchett*, 61 Va. App. at 788. To defeat this suggestion, defendants have sometimes supported their claims of good faith with the forms of evidence the Commonwealth contends is required, but we have never held that proffered evidence is insufficient to establish good faith, and we decline to do so today. *Compare Hernandez*, 67 Va. App. at 74 (counsel notified court that she had misadvised defendant), *with Smith*, 65 Va. App. at 301 (good faith established through motion's assertion that defendant was mistaken about the elements of the offense).

We note that the Commonwealth never objected to Holland's counsel proceeding by proffer at the hearing on the motion to withdraw the guilty plea. Had such an objection been made, Holland, who was sitting right there, could have testified on her own behalf to resolve the concern. Counsel's representations at a motions hearing are often treated as "proffered testimony" when "[n]o one testifie[s] at the hearing, despite the motion's evidentiary nature" when "[n]either party object[s] to this procedure." *Albert v. Albert*, 38 Va. App. 284, 290

---

[5] The Commonwealth relies on statements made by Holland and her former counsel at the plea hearing as evidence in contradiction of Holland's claims that she believed she had a plea agreement and that her counsel had not reviewed any discovery with her. Because there is no evidence contradicting Holland's proffer that she did not understand the elements of the offense—and in fact there is evidence supporting that she did not understand the elements—we rely only on counsel's failure to advise her as to the elements of the offense here.

(2002).  And unlike in *Albert*, where we could "glean only minimal information from th[e] dialogue [between the lawyers]" and admonished the trial court and counsel for failing to ensure the proffered evidence contained "all of the information necessary to . . . provide a sufficient record for appellate review," *id.* at 290 n.1, here counsel for both parties presented evidence on each factor the trial court must consider in evaluating Holland's motion to withdraw her plea.

We find, under the facts and circumstances of this case, that Holland met her evidentiary burden to show she was not informed of the elements of the offense before entering her plea. The Commonwealth did not rebut this specific argument with any evidence, so there are no "factual ambiguities or inconsistencies" that our standard of review would otherwise require us to resolve in the Commonwealth's favor.  *See Mitchell*, 73 Va. App. at 239; *Royal*, 37 Va. App. at 366.  With sufficient evidence in support of her good faith and no contrary evidence, no reasonable jurist could have found Holland did not act in good faith when she entered her no contest plea.

### C.  Lack of Bad Faith in Withdrawing Plea

Holland also had to show that she did not move to withdraw her no contest plea in bad faith.  A motion to withdraw filed "merely to cause undue delay in the administration of justice" is filed in bad faith.  *DeLuca*, 73 Va. App. at 579 (quoting *Hubbard*, 60 Va. App. at 211 n.4). For example, in *DeLuca*, the Commonwealth introduced evidence of a jailhouse phone call in which the defendant admitted he was trying to withdraw his plea in hopes that the Commonwealth would drop the case against him or his case might be assigned to a different judge.  *Id.* at 579-80.  We have also found bad faith when a motion to withdraw is filed upon the defendant learning new information, unrelated to innocence, that makes their plea less attractive than it did at the time it was entered.  *See Ramsey v. Commonwealth*, 65 Va. App. 593, 598-99, 601 (2015) (affirming trial court finding of bad faith where the defendant had expected no active

- 15 -

incarceration when he entered his plea but sought to withdraw after he learned his co-defendant had been sentenced to serve four years and his own sentencing guidelines came back recommending a similar sentence, and the court concluded that the defendant "was more concerned with his potential sentence than his purported innocence").

Holland argues (as she did below) she did not act with bad faith in moving to withdraw her plea because she did so only after her prior counsel had his license suspended and her newly appointed counsel reviewed the case and explained to her the elements of the charged offense. The Commonwealth argues (as it did below) that Holland acted in bad faith seeking to withdraw her plea because she moved to withdraw the day before the sentencing hearing, "when the proverbial hammer [wa]s getting ready to drop," and four months after she was appointed new counsel.

A trial court's finding on whether the motion to withdraw was made in bad faith is a finding of fact. *See Branch*, 60 Va. App. at 549. But as the trial court made no factual findings on whether Holland's motion was made in bad faith, we proceed by resolving any disputed facts in the light most favorable to the Commonwealth. Again, however, there is no dispute. The Commonwealth relies on the timing of the motion alone as dispositive in showing bad faith. But neither we nor our Supreme Court has found that the timing of a motion to withdraw is dispositive of bad faith.

Instead, we have *reversed* trial court denials of motions to withdraw pleas filed on similar timelines to Holland's. For example, in *Justus*, the defendant asked for a continuance two days before her scheduled sentencing hearing because she had obtained new counsel and that new counsel moved to withdraw her plea two-and-a-half months later. 274 Va. at 149. Our Supreme Court still found Justus had made the requisite showing to withdraw her guilty plea. *Id.* at 156. In *Parris*—the touchstone case for the standard for withdrawing guilty or no contest pleas pre-

sentencing—the defendant moved to withdraw on the same day as the sentencing hearing and our Supreme Court nevertheless reversed the trial court's denial of his motion. 189 Va. at 323. Likewise, in *Hernandez*, the defendant moved to withdraw his pleas only upon appearing in court for sentencing, and, again, we still reversed the trial court's denial of his motion. 67 Va. App. at 73. Given those precedents, we decline to hold that Holland filing her motion one day before the sentencing hearing, and four months after her new counsel was appointed, means her motion was filed "merely to cause undue delay," *DeLuca*, 73 Va. App. at 579.

Holland also provided affirmative evidence that she was not acting in bad faith. After learning her first counsel's license to practice law was suspended, Holland moved to withdraw her plea. It is entirely reasonable that a defendant might, upon learning her counsel's license had been suspended,[6] have questions about the plea she entered on that counsel's advice. In response to the Commonwealth's argument that the motion's timing proved it was meant only to delay, Holland's counsel (as an officer of the court) said that he had "utilized the time" between his appointment and filing the motion "to investigate the case and review discovery, not to intentionally prejudice the Commonwealth's case."[7] The evidence supporting the first two prongs of the standard also goes to the third—the evidence showing Holland had a reasonable defense yet entered a no contest plea inadvisedly also supports her contention that she did not move to withdraw her plea "*merely* to cause undue delay . . . or [otherwise in] bad faith." *See*

---

[6] The record includes Holland's prior counsel's letter to Holland notifying her that his license had been suspended and discussion by both parties of the license suspension. While the parties contest whether we may take judicial notice of past disciplinary proceedings against the attorney not included in the record, we find no need to do so.

[7] When Holland's new counsel was appointed on December 8, 2021, the case was continued to January 5, 2022. Holland's new counsel received discovery on December 27, 2021. The January 5 hearing was continued to February 23, 2022, on the Commonwealth's motion because the prosecutor had COVID. The February 23 hearing was continued to April 27, 2022, on Holland's motion, without objection from the Commonwealth; no reason is present in the record. Nothing about this timeline suggests bad faith or undue delay on Holland's part.

*DeLuca*, 73 Va. App. at 579 (emphasis added) (quoting *Hubbard*, 60 Va. App. at 211 n.4). Her decisions to enter and withdraw her plea are inextricably linked: the record before the court supports Holland's claim that she was unaware of the elements of the charged offense and that upon learning of them, she reasonably sought to withdraw her plea.

Holland's showing of *good faith* stands in sharp relief against our prior cases which affirmed a trial court's finding of *bad faith* upon affirmative evidence showing the defendant sought to manipulate the court. *See Cobbins*, 53 Va. App. at 35 ("By his own admission, Cobbins pled guilty in an attempt to 'buy time' to get what he really wanted: yet another continuance of his trial so he could dismiss his second lawyer and hire a third."); *DeLuca*, 73 Va. App. at 579-80 (defendant admitted he was trying to withdraw his plea in hopes that the Commonwealth would drop the case against him or his case might be assigned to a different judge); *Ramsey*, 65 Va. App. at 598-99, 601 (defendant had expected no active incarceration when he entered his plea but sought to withdraw after he learned his co-defendant had been sentenced to serve four years and his own sentencing guidelines came back recommending a similar sentence).

Again, because the trial court made no factual findings, we have none to defer to. *See Royal*, 37 Va. App. at 366. To the extent the trial court decided that Holland's motion was in bad faith only because it was filed the day before the sentencing hearing, that would not be a reasonably debatable inference under our precedent. *See Mitchell*, 73 Va. App. at 239 (explaining that the prevailing party below gets the benefit only of "reasonably debatable inferences from the evidence"). Based on the record before us, any reasonable jurist would have been left to conclude that Holland met her burden to show she did not move to withdraw her plea "*merely* to cause undue delay . . . or [otherwise in] bad faith." *See DeLuca*, 73 Va. App. at 579 (emphasis added) (quoting *Hubbard*, 60 Va. App. at 211 n.4).

II. The record lacks evidence of undue prejudice to the Commonwealth that would outweigh the equities that support granting Holland's motion.

Having found Holland met her burden to show she had a reasonable defense, entered her plea in good faith, and did not move to withdraw her plea in bad faith, we turn to the Commonwealth's alleged prejudice. Then we consider whether a reasonable trial court could find the "equities that favored granting the motion," *Small*, 292 Va. at 299, were outweighed by "undu[e] prejudice [to] the Commonwealth," *DeLuca*, 73 Va. App. at 579. *See also Hernandez*, 67 Va. App. at 81 (requiring "*significant prejudice*" (quoting *Hubbard*, 60 Va. App. at 211 n.4)).

The Commonwealth argues on appeal, as it did in the trial court, that granting Holland's motion would "cause chaos" because: (1) it would be difficult to call certain witnesses and (2) the passage of time since the alleged offense would have caused witnesses' memories to fade.

On the first point, the Commonwealth failed to proffer that any specific witness would be particularly difficult to call, let alone unavailable at trial.[8] The Commonwealth asserted that it had "17 witnesses ready and able to testify against [Holland]" if the case had gone to trial when originally scheduled, but now 3 of these people had changed jobs or moved: the "lead investigating officer" was "no longer employed in law enforcement and works out of town," the forensic scientist who analyzed the prescription bottle was "no longer employed" with the state, and a DSS witness had "moved out of the area." It also argued that the doctors who treated B.M. "are out-of-state." But the Commonwealth did not proffer that any necessary witness was

---

[8] The Commonwealth argues that Rule 5A:18 prevents Holland from arguing that it failed to show its witnesses were "unavailable," because at the hearing on the motion, her counsel offered to "come up with some sort of stipulation" to the extent the "Court thinks that the prejudice is going to be an issue . . . ." The Commonwealth's argument is without merit. The issue of prejudice was squarely before the trial court, and both sides presented argument as to the cause for delays in the case. By offering a stipulation of facts in the event the trial court agreed with the Commonwealth that its witnesses were unavailable, Holland did not concede that the witnesses were unavailable or that the Commonwealth presented sufficient evidence of undue burden.

- 19 -

unreachable by subpoena. While B.M.'s doctors were out-of-state, they lived close enough to Henry County (which borders North Carolina) to provide emergency services for B.M. And, because B.M. was treated at a North Carolina hospital, they presumably *already lived out of state* at the time of the offense and Holland's entry of her plea; Holland's later withdrawing her plea would not have affected their availability. Thus, the allegations here are like those in *Hernandez*, where we found no prejudice based on the Commonwealth's "speculating that the passage of time 'might' hamper its ability to find and call witnesses," without being able to "identify any witnesses as likely being unavailable." 67 Va. App. at 81.[9]

Second, in this case the passage of time alone is not so great as to establish undue prejudice. In the only case in which a court has found the passage of time so long as to constitute per se significant prejudice to the Commonwealth, the defendant filed a pre-sentencing motion to withdraw his guilty plea nearly three years after entering his plea, and four-and-a-half years after the incident. *Small*, 292 Va. 294-95. The Court found the four-and-a-half years of time prejudiced the Commonwealth. *Id.* at 298-99. That prejudice far outweighed the flimsy arguments the defendant made in support of his motion to withdraw because the trial court had expressly found that the defendant knew three years earlier when he entered the plea that he had a potential defense to his crime and the record lacked any evidence to support his suggested defense. *Id.* at 299-300.

---

[9] While *Hernandez* reached this conclusion in evaluating whether the trial court's decision to deny the motion to withdraw a guilty plea might be affirmed for a different basis—because the equities in favor of the motion were outweighed by prejudice to the Commonwealth—that does not undermine the Court's conclusion that the passage of five years of time was not per se prejudicial without more factual development as to what necessary witnesses would be unavailable. 67 Va. App. at 81. There, as here, the trial court did not make any factual findings as to prejudice. Viewing the evidence in the light most favorable to the Commonwealth, the Commonwealth did not identify any witness it could not subpoena for trial.

For Holland, the balance tilts far the other direction. Her alleged offense occurred in January 2020, she entered her no contest plea in June 2021, and she requested to withdraw her plea in April 2022—two years after the offense, but only nine months after she entered her plea (not three years), and just four months after the court appointed her new counsel after her prior counsel's license was suspended.[10] In other words, she filed her motion four months after she first had any reason to reconsider the plea she entered, while Small waited three years. And unlike Small, as discussed above, Holland sufficiently showed evidence that she had a reasonable defense, entered her plea in good faith, and did not move to withdraw her plea in bad faith. The equities favored Holland far more than Small, and the passage of time was far shorter than in *Small*. And because

> the trial court did not make any findings concerning the length of delay causing any prejudice to the Commonwealth[,] . . . this Court cannot find that the passage of time itself was so prejudicial to the Commonwealth as to outweigh any benefit to appellant of allowing him to withdraw his pleas and proceed to trial.

*Hernandez*, 67 Va. App. at 81-82.

The record also lacks any evidence of other grounds for which courts have found sufficiently undue prejudice to deny a motion to withdraw a plea. We often find undue prejudice when the defendant attempts to withdraw a plea entered pursuant to a plea agreement. When the Commonwealth has already "partially or fully fulfilled its obligations in a plea agreement by dismissing or amending charges," both sides of the balancing test are implicated. *Hubbard*, 60 Va. App. at 211 n.4; *see also Thomason v. Commonwealth*, 69 Va. App. 89, 97 (2018) (prejudice

---

[10] We also note that the COVID-19 pandemic generally prevented many trials from taking place during the same time period. *See generally* Supreme Court of Virginia Orders of Judicial Emergency in Response to COVID-19 Emergency, https://www.vacourts.gov/news/items/covid/scv_emergency_orders.pdf. (last visited Oct. 20, 2023) (listing the Supreme Court's 40 orders declaring and extending the declaration of a judicial emergency).

outweighed any equities favoring the motion to withdraw because the Commonwealth had nolle prossed one charge and reduced another based on the guilty plea); *Ramsey*, 65 Va. App. at 603 (prejudice outweighed any equities favoring the motion to withdraw because the Commonwealth had moved to withdraw a charge under the plea agreement and the statute of limitations had now passed on that charge); *Griffin v. Commonwealth*, 65 Va. App. 714, 719-20 (2016) (prejudice outweighed any equities favoring the motion to withdraw in part because the Commonwealth had moved to nolle pros charges under the plea agreement and the defendant had stipulated in the plea agreement that withdrawing the plea would prejudice the Commonwealth). In Holland's case, there is no similar concern. Unlike the defendants in *Thomason*, *Ramsey*, and *Griffin*, Holland did not have the benefit of a plea deal and the Commonwealth is not prejudiced by her attempt to withdraw her no contest plea when it never gave up any benefit in exchange for her plea. *See Spencer v. Commonwealth*, 68 Va. App. 183, 187 n.1 (2017) (noting that the Commonwealth conceded prejudice was not an issue when "there was no plea agreement . . . nor a suggestion that the victim or Commonwealth's witnesses would be unavailable for trial").

Viewing the record in the light most favorable to the Commonwealth, as we must, the only "chaos" alleged was the typical chaos of proceeding to trial, which is always more time-consuming than a guilty plea. The mere inconvenience of proceeding to trial cannot alone constitute undue prejudice.

In *Hubbard*, we held that "[w]hile a circuit court is presumed to know and follow the law, any presumption is rebutted in this case" because "in the absence of any factual finding of bad faith by Hubbard or prejudice to the Commonwealth, Hubbard's motion to withdraw his guilty plea satisfied the test set forth in *Parris*, which the Supreme Court reaffirmed in *Bottoms*." 60 Va. App. at 211-12 (citation omitted). So too here. Based on the evidence before the court, no reasonable jurist could have balanced the equities supporting Holland's motion to withdraw her

plea against the alleged prejudice proffered by the Commonwealth and found that, under the liberal standard espoused by our precedent, Holland's motion should be denied. Thus, the trial court abused its discretion by not allowing Holland to withdraw her plea.

## CONCLUSION

For these reasons, we reverse the trial court's judgment denying Holland's motion to withdraw her no contest plea and remand to the trial court where she may withdraw her no contest plea and the case may proceed to trial if the Commonwealth be so advised.

*Reversed and remanded.*